**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHARLES CHRISTIAN KRIDER,

     Petitioner,

  v.

                                 CASE NO. 11-3010-SAC

EMMALEE CONOVER, et al.,

     Respondents.

**O R D E R**

This matter is before the court upon several motions filed by the parties. Respondents have filed a third Motion for Extension of Time (Doc. 15) in which to file their Answer and Return. The court has considered this motion, and concludes that good cause exists to grant it, particularly in light of the motions that petitioner has filed.

Petitioner has filed a Motion to Appoint Counsel (Doc. 8). Having considered this motion, the court finds that it should be denied, without prejudice. There is no right to appointment of counsel in a federal habeas corpus proceeding unless and until an evidentiary hearing is ordered. In addition, petitioner has not filed a proper affidavit establishing his indigent status together with information from his inmate account in support. His allegation that he was "declared indigent" by another court in a different case does not entitle him to indigent status in this case.

After a show cause order issued in this case, on March 24, 2011, petitioner filed a "Motion to Overturn" (Doc. 9) any adverse

decisions of the Kansas appellate courts. In this motion, he briefly refers to his claim of prosecutorial misconduct, but his main assertion is that the Kansas Court of Appeals (KCA) included a statement in its syllabus in its opinion on his direct appeal that was an intentional changing of the trial transcript. This allegation, that the KCA relied upon facts not supported by the record, is not a claim against the State as petitioner suggests. Instead, it is simply an argument that the findings of the KCA were contrary to the record. This is an argument that Mr. Krider could and should have made in his petition or in a memorandum in support prior to the show cause order. Nevertheless, this motion will be treated as a late supplement to the petition and will be considered in resolving this matter.[1]

On April 18, 2011, petitioner filed a Motion to Amend Petition (Doc. 10). However, Mr. Krider did not submit a proper Motion to Amend with a complete Amended Petition on court-provided forms attached to the motion.[2] In this motion, he plainly seeks to add the new claim that his appointed trial counsel was ineffective on several grounds. The court is aware that ordinarily a litigant may amend his pleading once as a matter of right before a responsive

---

[1] Petitioner is advised that the U.S. Supreme Court has recently made clear that a federal habeas court may only consider matters that were presented to the state courts.

[2] An Amended Petition completely replaces the original petition, and the original petition is not considered further. It is therefore imperative that a petitioner include in his Amended Petition every federal habeas corpus claim that he has with regard to his state conviction and sentence. He may not simply purport to incorporate from or refer to his original petition. Instead, he must start afresh with his claims, and state every challenge that he has to his state criminal conviction or sentence. Any habeas claims, supporting facts, and arguments not included in the Amended Petition may not be considered.

pleading is served.[3]  However, for reasons stated herein, the court

finds that petitioner may not amend his petition at this time to

add his new claims because they are unexhausted and untimely.

Generally, a claim of ineffective assistance of trial counsel

is presented to the state courts by post-conviction motion pursuant

to K.S.A. § 60-1507.  Mr. Krider filed no state post-conviction

motion.  It is thus clear from the original petition and exhibits

that Mr. Krider did not present this claim to either the trial or

state appellate courts.[4]  Accordingly, the court finds that this

claim was not exhausted in the state courts.[5]

---

[3]    Habeas Corpus Rule 12 permits application of the Federal Rules of
Civil Procedure in habeas cases "to the extent [the civil rules] are not
inconsistent with any statutory provisions or [the habeas] rules." 28 U.S.C. §
2242 provides that habeas applications "may be amended . . . as provided in the
rules of procedure applicable to civil actions." Mayle v. Felix, 545 U.S. 644,
655 (2005).  Federal Rule of Civil Procedure 15(a) allows pleading amendments
with "leave of court" any time during a proceeding.  Id. (citing Rule
Fed.R.Civ.P. Rule 15(a)).  Before a responsive pleading is served, pleadings may
be amended once as a "matter of course," i.e., without seeking court leave. Id.

[4]    Petitioner provides a copy of his Petition for Review submitted to
the Kansas Supreme Court.  This brief together with the opinion of the Kansas
Court of Appeals plainly indicate that petitioner has only fully exhausted state
court remedies on the four claims raised in his petition: (1) denial of his right
to present a complete defense, (2) the court erroneously instructed on lesser
included offenses, (3) prosecutorial misconduct in eliciting statements from a
witness that were withheld from the defense, and (4) the court's denial of a
venue change resulted in denial of a fair and impartial jury.

[5]    28 U.S.C. § 2254(b)(1) provides:

"An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be
granted unless it appears that-(A) the applicant has exhausted the
remedies available in the courts of the State. . . ."

Id.  "A state prisoner must give the state courts an opportunity to act on his
claims before he presents those claims to a federal court in a habeas petition."
O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion
prerequisite is not satisfied unless all claims asserted have been presented by
"invoking one complete round of the State's established appellate review
process." Id. at 845.  This means the claims must have been "properly presented"
as federal constitutional issues "to the highest state court, either by direct
review of the conviction or in a post-conviction attack." Dever v. Kansas State
Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  In order to exhaust claims
that were not raised on direct appeal, a state prisoner must seek post-conviction

On May 16, 2011, petitioner filed a Motion to Suppress (Doc. 14). In this filing, he actually moves this federal court to suppress evidence taken from the victim's home on his theories that it was contaminated by persons who discovered the body and investigators or planted by an alternate perpetrator. This might be liberally construed as petitioner's attempt to amend his petition to add the claim that evidence should have been suppressed and not admitted at trial. Again, it is clear from the original petition and exhibits that Mr. Krider did not present this claim to either the trial or state appellate courts, and it is therefore unexhausted.

In conjunction with this new suppression claim, petitioner alleges that his attorney repeatedly advised him that Kansas law prohibited the filing of any motion to suppress in state court, and that such a motion could only be considered in federal court. These allegations amount to another ground for his new, unexhausted claim of ineffective assistance of counsel, since this alleged advice is patently incorrect.

If Mr. Krider were allowed to amend his petition to include these new, unexhausted claims, his Amended Petition would be a "mixed petition." A "mixed petition" is one containing both exhausted and unexhausted claims. The district court is required

---

relief in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court. In all but exceptional circumstances, a habeas corpus petitioner must exhaust all available and adequate state remedies before a federal court may address his petition. 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 511 (1982); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

to dismiss a mixed petition. Normally, a state prisoner that has filed a mixed petition is given alternatives by this court that include his voluntary dismissal of the entire federal petition, without prejudice, so that he may return to state court to exhaust his unexhausted claims. That alternative is no longer available to Mr. Krider for the reason that the statute of limitations applicable to his federal habeas corpus petition appears to have expired on April 7, 2011.[6]

The new claims that Mr. Krider attempts to add with his filings on April 18 and May 16 of 2011, were not filed within the one-year statute of limitations. Unless those claims are found to "relate back" to his original petition,[7] they are time-barred and

---

[6] Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to a state prisoner's federal habeas application. Applying the provisions of § 2244(d) to the facts of this case, the court tentatively finds that Mr. Krider's conviction became "final" on April 7, 2010 (90 days after his Petition for Review was denied by the Kansas Supreme Court). He thus had one year from that date, or until April 7, 2011, to file all his federal habeas corpus claims. He filed his exhausted claims well within that time frame.
    The Court finds no statutory or equitable basis for tolling the limitations period in this case. It is settled that the pendency of the instant federal case does not serve to toll the federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Furthermore, the statute of limitations contained in § 2244(d) is subject to equitable tolling only when the prisoner satisfies his burden of demonstrating that extraordinary circumstances beyond his control prevented him from timely raising his federal claims, and that he diligently pursued his federal claims. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Nothing in Mr. Krider's filings suggests either of these preconditions.

[7] The "original pleading" to which Rule 15 refers in a habeas proceeding is the petition as initially filed. Mayle, 545 U.S. at 655. That pleading must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Id. (citing Habeas Corpus Rule 2(c)). This requirement was printed upon the form petition filed by Mr. Krider. "A prime purpose of Rule 2(c)'s demand that petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted'" (citing § 2243), or the petition summarily dismissed without the court ordering a responsive pleading. Id. at 655-56 (citing Habeas Corpus Rule 4.).

may not be reviewed in federal court.

This court has no difficulty concluding that petitioner's new, unexhausted claims are not sufficiently related to the exhausted claims in his original petition, and thus may not be held to relate back. Amendments made after the statute of limitations has expired relate back to the date of the original pleading only if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Rule 15(c)(1)(B), Fed.R.Civ.P.; <u>Mayle</u>, 545 U.S. at 655. As the U.S. Supreme Court explained in <u>Mayle</u>:

> an amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type[8] from those the original pleading set forth.

<u>Id.</u> at 650; <u>see also</u> <u>Woodward</u>, 263 F.3d at 1142 ("[A]n untimely amendment to a § 2255 (or § 2254) motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*.")(quoting <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501, 505 (10th Cir. 2000)); <u>see also</u> <u>United States v. Duffus</u>, 174 F.3d 333 (3d Cir.

---

[8]     The Supreme Court rejected the translation of same "conduct, transaction, or occurrence" to mean same "trial, conviction, or sentence" and held that "so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." <u>Id.</u> at 664; <u>see</u> <u>Woodward v. Williams</u>, 263 F.3d 1135, 1142 (10th Cir. 2001)(relation back upheld where the original petition challenged the trial court's admission of recanted statements, and the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted.).

1999).

If Mr. Krider were to dismiss his federal petition at this time, any attempt to file a subsequent federal petition after he exhausted his new claims in state court would likely be considered time-barred. Consequently, Mr. Krider has but one alternative to have any of his habeas claims heard in federal court, and that is to proceed only upon his already exhausted claims, which are those in his original petition.

For the foregoing reasons, including Mr. Krider's failure to file a Motion to Amend with a complete Amended Petition attached, his motions seeking to amend his petition to add the unexhausted new claims are denied. This action will proceed only upon the original petition as supplemented with Doc. 9. This ruling should not prevent Mr. Krider from attempting to pursue any new unexhausted claims in state court by immediately filing a state post-conviction motion. It will then be up to the state courts to determine if he may proceed on those claims in state court.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motions to Appoint Counsel (Doc. 8), to Amend Petition (Doc. 10), and to Suppress Evidence (Doc. 14) are denied.

**IT IS FURTHER ORDERED** that petitioner's "Motion to Overturn" (Doc. 9) is denied to the extent that it is a motion, and the content is treated as a Supplement to Petition that will be considered by the court.

**IT IS FURTHER ORDERED** that respondents' third Motion for Extension of Time (Doc. 15) is granted, and respondents are allowed

additional time in which to file their Answer and Return, up to and including July 14, 2011.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2011, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge